**UNITED STATES DISTRICT COURT**                    **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| AR15.COM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | **Civil Action 4:14-cv-1496** |
| | § | |
| CHRIS BUTTS, DBA C. & H. ARMS | § | |
| | § | |
| | § | |
| Defendant. | § | |

# Complaint

Plaintiff AR15.Com, LLC ("AR15") files this suit for unfair competition, trademark infringement, and dilution against Chris Butts, dba C. & H. Arms ("Butts" or "defendant").

1.    The court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and the doctrine of pendent jurisdiction.

2.      Since at least as early as January 1, 2007, AR15 has used a logo, which can be described as an AR-15 bolt face logo (the "bolt face logo") as a trademark for the following items that it has offered for sale to the public:   firearms, firearm sights, silencers for firearms, cases for firearms, covers for firearms, pouches, namely, shot pouches and cartridge pouches, belts for military equipment, shell belts, woven belts for military equipment, component parts for pistols, rifles and shotguns, firearm hand guards, gun barrels, gun mounts, gun stocks, magazines for weapons, and ammunition.

3.      Since at least as early as October 30, 2006, AR15 has used that same bolt face logo as a trademark for the following items that it has offered for sale to the public: appliques in the form of decals; decals; decorative decals for vehicle windows; flags and pennants of paper; and magnetic bumper stickers.

4.      Since at least as early as October 9, 2006, AR15 has used that same bolt face logo as a trademark for the following items that it has offered for sale to the public: athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; baseball caps and hats; belts; body shirts; button down shirts; camouflage pants; camouflage shirts; capri pants; cargo pants; clothing, namely, khakis; hats; hunting pants; hunting shirts; jackets; long-sleeved shirts; pants; shirts; shirts and short-sleeved shirts; short-sleeved or long-sleeved t-shirts; sport shirts; sports caps and hats; and ties.

5.      The bolt face logo is shown below.   It has acquired widespread fame and public recognition in the United States and abroad as designating AR15's products.



6.    On July 8, 2008, AR15.com LLC received federal Registration No. 3,461,149 for the bolt face logo mark, as a trademark for firearms, firearm sights, silencers for firearms, cases for firearms, covers for firearms, pouches, namely, shot pouches and cartridge pouches, belts for military equipment, shell belts, woven belts for military equipment, component parts for pistols, rifles and shotguns, firearm hand guards, gun barrels, gun mounts, gun stocks, magazines for weapons, and ammunition.   That registration is presently in force.

7.    On July 10, 2012, AR15 received federal Registration No. 4,170,316 for that same bolt face logo mark as a trademark for appliques in the form of decals; decals; decorative decals for vehicle windows; flags and pennants of paper; and magnetic bumper stickers, and as a trademark for athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; baseball caps and hats; belts; body shirts; button down shirts; camouflage pants; camouflage shirts; capri pants; cargo pants; clothing, namely, khakis; hats; hunting pants; hunting shirts; jackets; long-sleeved shirts; pants; shirts; shirts and short-sleeved shirts; short-sleeved or long-sleeved t-shirts; sport shirts; sports caps and hats; and ties.   That registration is presently in force.

8.      These registrations constitute prima facie evidence of AR15's exclusive right, in the United States, to use the bolt face logo mark for the products listed in those registrations.

9.      Although defendant is not in any way affiliated with AR15, he has copied AR15's registered trademark, and is using it as part of one of his trademarks / service marks to advertise his products and services on his web site (http://www.gotnfa.com),

on his Facebook page (http://www.facebook.com/CAndHArms),

on a photo website (http://www.photobucket.com)

and on YouTube (https://www.youtube.com/watch?v=V7LvMIgcYL0).

10.     Defendant's use of AR15's registered trademark in his trademark is shown below:



11.     Defendant has been using his logo to sell firearms, and related services.

12.     Defendant's unauthorized use of AR15's registered trademark, as set forth above, is likely to cause confusion as to his affiliation with AR15, or with AR15's products and services.

13.     Defendant's unauthorized uses of AR15's registered trademark constitute the use of a misleading representation, or false advertising, in violation of 15 U.S.C. § 1125(a).   Unless enjoined, defendant will continue his unauthorized use of

AR15's registered trademark, resulting in a continuing likelihood of confusion and irreparable injury to AR15, for which AR15 has no adequate remedy at law.

14.    Defendant's actions, as alleged above, constitute injury to and dilution of AR15's registered trademark, under 15 U.S.C. § 1125(c).    Unless enjoined, defendant will continue his infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

15.    Defendant's actions, as alleged above, constitute injury to and dilution of AR15's registered trademark under § 16.29 of the Texas Business & Commerce Code. Unless enjoined, defendant will continue his infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

16.    Defendant's actions, as alleged above, constitute common law trademark infringement and unfair competition under Texas law.    Unless enjoined, defendant will continue his infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

17.    On February 24, 2014, AR15 contacted the defendant, and politely informed him that he was infringing AR15's registered trademark.   The defendant responded with an email that stated, in part, "When our design team built our logo upon what we requested, 'A two thumbed fist holding an ar-15 bolt face,' They must have garbed yours from Google."    He further stated, "We feel our current logo does not infringe on yours in any way.    You may let me know that I will not be hearing again from you on this matter, and that it is closed."

18.    On February 26, 2014, AR15 again sent an email to the defendant, explaining that defendant's logo still included AR15's registered trademark, and asking the

defendant to stop using AR15's registered trademark.   The defendant's response stated in part, "I understand the importance of having a logo that is yours and yours alone."

19.   Therefore, defendant is clearly aware that AR15's registered trademark is used by AR15 to identify its firearms, and firearm-related products.     However, defendant has knowingly refused to discontinue his use of AR15's registered trademark as part of his logo, to sell his firearms, and firearm-related products.   Therefore, defendant's continued infringement of AR15's rights is willful and deliberate.

20.   AR15 is entitled to recover its damages, defendant's profits, trebling of all damages and profits awarded, costs of suit, and attorneys' fees.

## Prayer for Relief

AR15 prays for the following relief:

21.   That defendant and his agents and employees, and all others in concert or participation with them, be preliminarily and permanently enjoined from using AR15's registered trademark as part of his logo, to sell his firearms, and firearm-related products, whether on his website, on his Facebook page, on YouTube, or in any other manner in connection with defendant's business;

22.   That defendant be ordered, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in his possession or control which contain the infringing logo, either alone or in combination with other words or symbols, and that defendant be ordered to deliver up for destruction all plates, molds, matrices, masters, and other means of making any of the infringing items;

23.  That defendant be ordered to file with the court and to serve on AR15, within thirty (30) days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

24.  That AR15 be awarded its damages, defendant's profits, trebling of all damages and profits awarded, costs of suit, and attorneys' fees; and

25.  That AR15 have such further relief to which it may be entitled.


Respectfully submitted,

*Tim Headley*

Tim Headley
Attorney-in-Charge for AR15.Com LLC
State Bar No. 09325210
Southern District Bar No. 1003
7941 Katy Freeway, Suite 506
Houston, TX   77024-1924
tim@headleyiplaw.com
www.headleyiplaw.com
Telephone:   713-467-8500
Telecopier:   713-467-8501